UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
**FILED**

SEP 0 7 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-CV-197-KSF

JENEAN McBREARTY                                                                                         PLAINTIFF

VS:                 **MEMORANDUM OPINION AND ORDER**

KENTUCKY COMMUNITY and
    TECHNICAL COLLEGE SYSTEM, ET AL.                   DEFENDANTS

The defendants, the Kentucky Community and Technical College System (KCTCS); Lewis Padgett; Charlene Walker; Greg Feeney; Sandra Carey; and Jim Kerely (employees of the KCTCS) removed to this Court the employment civil rights complaint which Jenean McBrearty, the *pro se* plaintiff, filed in the Fayette Circuit Court. Plaintiff objects to the removal and seeks a remand of her lawsuit back to Fayette Circuit Court.[1] The remand issue is before the Court for consideration.

DEFENDANTS' LEGAL ARGUMENT

The defendants argue that they had the right to remove Plaintiff's Fayette Circuit Court complaint under the authority of 28 U.S.C. §1441(a). This statute allows for the removal from state court to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . ."

First, the defendants note that during the course of the plaintiff's pre-litigation demands, specifically, in the plaintiff's written appeal of the decision by Defendant KCTCS not to renew her teaching contract, the plaintiff alleged that the defendants violated her "first amendment" rights; her "freedom of speech" rights; her "academic freedom" rights; her "federally protected activity" rights and "federally protected rights." (*See* January 15, 2006 appeal statement

---

[1] The Court explained the procedural posture of this case in the Order entered herein on July 3, 2006 [Record No. 5]. The Court will not recite the procedural history in this Order.

presented to Dr. Keith Bird and KCTCS Senate Advisory Committee on Appeals). The defendants note that the plaintiff repeated these allegations in her subsequently filed state court complaint.

Second, the defendants point to the fact that on February 2, 2006, the plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in which she asserted claims of sex and disability discrimination, and retaliation for having complained about alleged violations of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§12111 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*[2] The defendants assert that in her EEOC charge, the plaintiff clearly demonstrated her intention to pursue claims under federal law: the ADA and Title VII.

Third, the defendants contend that even in her filings in this Court, the plaintiff has refused to disclaim any intention to assert claims based on either federal statute (such as the ADA and/or Title VII) or the United States Constitution. Citing *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 98 L.Ed.2d 720, 729 (1988), and *United Mine Workers v. Gibbs,* 383 U.S. 715, 16 L. Ed.2d 218 (1966), the defendants state that the plaintiff's state court claims and her federal court claims arise from a common nucleus of operative facts. Thus, they assert that the plaintiff's concurrent assertion of state law claims--whether purportedly arising under the Kentucky Constitution, Kentucky common law, or Kentucky statutes--does not render her state court complaint subject to remand.

PLAINTIFF'S ARGUMENT

The plaintiff contends in her filing [Record No. 9] that her state court complaint should not have been removed. Specifically, she argues that she did not present a federal question in her state court complaint, and that in light of that fact, she is entitled to the forum of her choice

---

[2] On April 7, 2006, the EEOC issued a "Dismissal and Notice of Rights" to the plaintiff. She filed suit in Fayette Circuit Court within 90 days of receiving the EEOC's right-to-sue letter.

under the "Well Pleaded Complaint" Rule. She argues that under this rule, set forth in *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987), she is "the master of the claim" and she may avoid federal jurisdiction by exclusive reliance on state law.

The plaintiff asserted twelve claims [3]: (1) retaliation for reporting sexual harassment (Count I); (2) interference with her constitutional right of speech, and retaliation for exercising that right of speech (Count II); (3) retaliation for reporting a crime against her property (Count III); (4) invasion of privacy (Count V); (5) disparate treatment (Count VI); (6) libel and slander (Count VII); (7) negligent supervision (Count VIII); (8) wrongful termination of tenure track employment (Count IX); (9) tortious interference with prospective employers (Count X); (10) denial of due process (Count XII); (11) intentional infliction of emotional distress (Count XIII); and (12) retaliation for whistle-blowing (Count XIV).

## DISCUSSION

A federal court's original jurisdiction arises primarily from either the presence of a federal question or where there is complete diversity between all plaintiffs and all defendants. 28 U.S.C. §§1331, 1332. Generally, the complaint must affirmatively set forth a federal claim which should be revealed on the complaint's face. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6, 123 S. Ct. 2058, 156 L.Ed.2d 1 (2003). ["A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). Pursuant to § 1331, a federal court has original jurisdiction of all civil actions which "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

---

[3] Although the complaint listed fourteen counts, the plaintiff omitted two counts in her numbering. Inexplicably, the plaintiff did not identify a fourth count, "Count IV," in her state court complaint, which skipped from Count III to Count V. Additionally, the plaintiff did not identify an eleventh count, "Count XI," in her complaint, which skipped from Count X to Count XII.

3

In the instant proceeding, diversity subject matter jurisdiction over this case is lacking, since all of the defendants and the plaintiff appear to be citizens of Kentucky. The defendants allege that in her state court complaint, Plaintiff McBrearty impliedly or implicitly asserted either a federal question or claim under Title VII and the ADA.

Here, Plaintiff McBrearty asserted numerous claims, none of which are couched in terms of the United States Constitution or any other federal statute. Although the plaintiff's freedom of speech claim (Count II) could have been brought under the First Amendment of the United States Constitution, and although her employment discrimination could have been assserted under the ADA and Title VII, the question is whether the plaintiff can be *required*--through the removal process--to litigate her claims in federal court. Based upon her complaint, her filings in this Court seeking remand, and relevant law, the Court is of the opinion that she cannot be forced to litigate her various claims here. Remand to Fayette Circuit Court is appropriate.

The Court is guided by a factually similar and very recent decision rendered by another member of this Court on August 16, 2006. *Corre v. Steltenkamp*, 2006 WL 2385352, *1 (E.D.Ky.) (only the Westlaw citation is currently available), involved an alleged dispute over the terms and conditions of Plaintiff Corre's employment. Corre alleged that the defendants failed to abide by the terms of her employment contract. She alleged that the defendants had violated eight different rights which she enjoyed under state law.[4]

---

[4] Count I asserted that the defendants discriminated against Plaintiff in the terms and conditions of her employment based upon her national origin, in violation of state law. Count II alleged that all defendants breached Plaintiff's contract of employment by failing to pay her minimum wage or overtime. Count III asserted a claim against Steltenkamp and Coburn for assault and battery under state law. Counts IV and V asserted that Steltenkamp and Coburn falsely imprisoned Corre on two occasions, in violation of state law. Count VI asserted a state law fraud claim against Steltenkamp and Coburn. Count VII asserted that Proctor and Gamble was vicariously liable for Steltenkamp's actions because she was acting in the scope of her employment. And Count VIII asserted a state law claim for intentional infliction of emotional distress against Steltenkamp and Coburn. *Corre v. Steltenkamp*, 2006 WL 2385352 at *1.

4

The defendants removed Corre's action to this Court on the grounds that the plaintiff had stated in her complaint that the defendants had "failed to pay plaintiff minimum wage or overtime pay pursuant to federal law." The defendants argued that such a statement implicated a claim under federal law, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* Plaintiff maintained in her response that she was asserting claims only under state law, not federal, and that none of the relief she sought was for violation of federal law.

After a studied analysis of the facts of the case, and the relevant law, Judge David L. Bunning determined that remand was appropriate. He analyzed the case as follows:

> Here, P & G maintains that Plaintiff, on the face of her Complaint, states a claim for minimum wages and overtime under federal law. However, the face of the Complaint reveals otherwise. **To be sure, had Plaintiff actually pled a claim for relief for violation of the FLSA, the action would have been removable.** *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 123 S.Ct. 1882, 155 L.Ed.2d 923 (2003) (a state-court action for violation of the FLSA is still subject to removal, despite concurrent jurisdiction under 29 U.S.C. §216(b)). Plaintiff did not. Count II of the Complaint is labeled "BREACH OF CONTRACT." Although paragraph 62 does state that "[a]ll Defendants failed to pay Plaintiff minimum wage or overtime pay pursuant to Federal law and the Contract," paragraph 64 of that same Count states "[s]aid failure [to pay minimum wage or overtime pay] was in breach of the employment contract and Plaintiff is owed damages." **Plaintiff does not expressly assert a separate count or claim under the FLSA or any other federal law.**

*Corre*, 2006 WL 2385352 at *2 (Emphasis Added).

Judge Bunning found it relevant that Corre did not expressly assert a separate count or claim under the FLSA or any other federal law. He aptly described her reference to the FLSA as a "passing reference to federal law." He cited as authority for that determination the case of *Technical Rubber Co. v. Buckeye Egg Form, L.P.*, No. 2:99-cv-1413, 2000 WL 782131, at *3 (S. D. Ohio June 16, 2000) (passing reference that defendants violated state and/or federal law, where claims actually asserted in complaint were state law only, was insufficient to provide original federal question jurisdiction for removal). *Corre*, 2006 WL 2385352 at *2.

Judge Bunning explained in *Corre* that "any confusion that this language was intended

5

as a passing reference, rather than a separate federal claim, is clarified by Plaintiff's representation in her motion that she seeks relief for breach of contract, not relief based upon a federal claim or for violation of a federal law. *Corre*, 2006 WL 2385352 at *2. The Court further noted that "Although federal law might be consulted or referred to in interpreting the [parties' employment] contract, it does not govern the action." *Id.* at *4.

Next, Judge Bunning discussed *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 552 (6th Cir.2006), in which a plaintiff filed an employment claim in the Ohio state court, alleging wrongful discharge in violation of federal public policy. The defendants removed. The Sixth Circuit held that the district court should have remanded the action to state court, as the plaintiff's claims did not raise a substantial federal question which justified removal.

*Eastman* establishes the relevant factors to consider when remand is requested, acknowledging that there is no "single, precise, all-embracing test for jurisdiction over federal issues embedded in state-law claims between non-diverse parties," *Id.* at 551 (citing *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S. Ct. 2362 (2005)). *Eastman* instructs that whether a case should be remanded depends on the substantiality of the federal question involved compared to the background of the federal-state division of responsibility for adjudicating disputes. *Eastman*, 438 F.3d at 551.

*Eastman* dictates that a court must engaged in the "selective process which picks the substantial causes out of the web and lays the other ones aside" in assessing whether a remand is appropriate. *Eastman*, 438 F.3d at 551. The decision defined a "substantial" federal question as one involving the interpretation of a federal statute that actually is in dispute in the litigation and is so important that it "sensibly belongs in federal court." *Id.* (citation omitted).

Judge Bunning noted that in both her state court complaint, and in her subsequent filings in this Court seeking a remand, Corre expressly stated that she was asserting only state law claims. Corre expressly disclaimed any avenue of relief under federal statute or constitutional

provision. In light of Corre's representations and disclaimers, Judge Bunning applied *Eastman*'s analysis and concluded that remand was necessary. He stated that "Defendant has not demonstrated that there was 'not only a contested federal issue, but a substantial one.'" *Corre v. Steltenkamp*, 2006 WL 2385352, *4, (citing *Eastman*, 438 F.3d at 552, and *Grable*, 125 S. Ct. at 2367).

The same rationale must be applied in the instant proceeding. The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal. *Harper v. AutoAlliance Int'l., Inc.*, 392 F.3d 195, 210 (6th Cir.2004). Here, the plaintiff chose to assert only state law claims in her complaint, as was her right. In fact, she expressly omitted any claims under any federal statute or constitutional provision. She pursued her claims in essentially the same manner (asserting claims under state law and the state constitution) and forum (state court) which Plaintiff Corre chose in her employment action.

The complained-of conduct which Plaintiff McBrearty described in Counts 3,5,7,8,9,10 and 13 of her complaint can be classified as falling under state tort law and are maintainable as such. Her employment discrimination claims (Counts 1, 6 and 9) fall under relevant Kentucky employment discrimination statutes.[5] Her freedom of speech and denial of due process claims

---

[5]

For instance, the plaintiff's employment discrimination claims can be asserted under Kentucky state law, specifically under K R S 344.040 which provides as follows:

It is an unlawful practice for an employer:

(1) To fail or refuse to hire, or to discharge any individual, or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because of the individual's race, color, religion, national origin, sex, age forty (40) and over, because the person is a qualified individual with a disability . . . .

(2) To limit, segregate, or classify employees in any way which would deprive or tend to deprive an individual of employment opportunities or otherwise adversely affect status as an employee, because of the individual's race, color, religion, national origin, sex, or age forty (40) and over, because the person is a qualified individual with a disability. . . .

(Counts 2 and 12) can be asserted under the Kentucky Constitution.[6] Her "whistleblowing" claim (Count 14) can be premised under a relevant Kentucky statute, K R S. 61.102. The plaintiff was not required to assert these claims under the United States Constitution.

Here, in a manner similar to the plaintiff in *Corre*, the plaintiff carefully chose not to plead a federal claim for relief anywhere in her complaint. True, the plaintiff generally referred to her "federally protected rights" when she administratively appealed her termination to the KCTCS, and that she cited the ADA and Title VII when she filed her EEOC charge in February, 2006. The fact remains, however, that the plaintiff did *not* assert claims under those statutes, or under any federal constitutional provision, when she filed her state court complaint in May.

Additionally, it is relevant that in her memoranda objecting to removal [Record No. 2; Record No. 9, p.2, ¶ ¶ ¶ 5,6, and 7], the plaintiff continued to assert her sole reliance on state law, and expressly disclaimed that she was pursuing any cause of action under federal law.[7] As

---

Retaliation in the workplace is prohibited by K R S 344. 280, which states that:

It shall be an unlawful practice for a person, or for two (2) or more persons to conspire:

(1) To retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter. . . ."

[6]

Freedom of speech is guaranteed by the Kentucky Constitution, which states that "All men are, by nature, free and equal, and have certain inherent and inalienable rights, among which may be reckoned: . . . *Fourth*: The right of freely communicating their thoughts and opinions." [Ky. Const. §1]. Next, to the extent that the plaintiff alleges a due process and equal protection violation, those rights are protected under §14 of the Kentucky Constitution. Finally, a construed claim of unreasonable search and seizure falls could be premised under §10 of the Kentucky Constitution.

[7]

Her position is similar to that of the plaintiff in *Corre*. As noted in the *Corre* case, defendant P & G maintained that on the face of Corre's complaint, she had stated a claim for minimum wages and overtime under federal law. However, Judge Bunning disagreed with that characterization and held that the complaint itself revealed otherwise. He further noted that in Corre's motion for remand, she clarified that she was *not* seeking relief based on a federal claim or violation of federal law. Plaintiff McBrearty makes the same disclaimer in her remand requests. The undersigned has

8

the plaintiff correctly states, she is "the master" of her complaint. *AmSouth Bank v. Dale*, 386 F.3d 763, 776 (6th Cir.2004). "[T]he party who brings a suit is master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25. 33 S. Ct. 410 (1913). Federal jurisdiction can be if a plaintiff relies exclusively on state law. *Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1329 (6th Cir.1989) (*en banc*). Plaintiff McBrearty has done just that.

Although the plaintiff could have asserted her freedom of speech and her employment discrimination claims under federal law, she was not prevented from asserting them solely under state law. *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir.1994). "The well-pleaded complaint rule generally provides that the plaintiff is the master of his complaint, and the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action." *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 515 (6th Cir. 2003) (quoting *Catepillar Inc. v. Williams*, 482 U.S. 386, at 392). Indeed, as *Eastman* instructs, a claim falls within a district court's original jurisdiction under § 1331 "only [in] those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law." *Eastman*, 438 F.3d at 550 (citations omitted).

In the instant case, the Court can not say that federal law "creates" the plaintiff's cause

---

already noted and discussed Judge Bunning's persuasive conclusion that Corre's choice to assert her claims under state law, not federal law, justified a remand to state court. However, to be clear, the undersigned will set forth Judge Bunning's analysis:

> "**To be sure, had Plaintiff actually pled a claim for relief for violation of the FLSA, the action would have been removable.** *See Breuer v. Jim's Concrete of Brevard*, Inc., 538 U.S. 691, 123 S.Ct. 1882, 155 L.Ed.2d 923 (2003)(a state-court action for violation of the FLSA is still subject to removal, despite concurrent jurisdiction under 29 U.S.C. § 216(b)). **Plaintiff did not.**"

*Corre v. Steltenkamp*, 2006 WL 2385352, at *2 (Emphasis Added).

of action. As the plaintiff notes, she pleads causes of action under state, not federal law. State law affords her various avenues through which she can assert those claims. She has elected not to pursue claims under federal law which are available to her, so remand is warranted.

Where a plaintiff chooses to assert only state law claims, recharacterizing it as a federal claim is generally prohibited. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542 (1987). *Pro se* litigants are afforded some latitude, and are held to less stringent standards than those of attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519(1972). While the presentation of the claims in the state court lacked the sophistication and precision of well trained lawyers, the plaintiff adequately articulated there, and in her pleadings in this Court, that she is asserting claims under *state* law, not federal. The defendants' attempt to reclassify the plaintiff's claims -- though diligent and creative-- will not support removal here.

In light of the foregoing considerations, the Court will order a **REMAND** of this proceeding back to the Fayette Circuit Court. In light of the remand, the defendants' "Motion to Dismiss" [Record No. 3] will be denied as moot. They may pursue that motion in state court.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) The plaintiff's "Objection to Removal" [Record No. 2], construed as a "Motion for Remand," is **GRANTED**.

(2) The defendants' "Motion to Dismiss" [Record No. 3] is **DENIED** as **MOOT**.

(3) This matter [06-CV-197-KSF] is **REMANDED** to the Fayette Circuit Court.

This the 7th day of September, 2006.

KARL S. FORESTER, SENIOR JUDGE